Maurice Wahl, J.
The plaintiff sues to recover $193.40 for the destruction of a wig, and alleges that she is an actress and in the exercise of her profession uses many and various wigs, both as to hair style and color.
A wig, which is more properly known as a periwig, is an artificial covering for the hair of the head, usually worn as a cover for baldness or thin hair or professional dress.
The wig under consideration was purchased by plaintiff at, Bonwit Teller, Fifth Avenue, New York City, a reputable emporium, on July 2, 1964. It was testified by the witness for the plaintiff, Kathy Eugenio, a designer by profession, that she had taken plaintiff’s wig in question to defendant, an established coiffeur within the theatrical district, for cleaning, styling and setting, a not uncommon modern-day practice. The defendant operated a business once known as a wiggery. No receipt was given. A few days later, all this during the 1964 Christmas season, when calling for the wig, she noted that it had holes in it; she took a comb and while combing same in defendant’s estab *935 lishment, hair fell out. When defendant’s attention was called to this, after examining same, the witness was told by defendant that his employee should not have “teased” the wig and requested that it be returned or left with him. Teasing is a process whereby the hair is gently pulled from the tip to the root. The witness decided not to do so, as no receipt therefor could be obtained. Plaintiff testified that prior to giving it to defendant as aforesaid, she had worn it but once and it was in perfect condition.
In its present condition the plaintiff could not use it and she claimed that it was needed for her professional activities. It was a total loss as it was inutile with holes in it and the hair falling out.
The testimony of plaintiff and her witness has the ring of truth and appears most probable. Defendant, presumptively an expert coiffeur, offered no expert or other evidence to the contrary. The court accepts plaintiff’s evidence in its entirety.
As defendant admitted in his conversation with plaintiff’s witness that there was a misuse of process in ‘ ‘ teasing the wig ’ ’, it is patent that such was the proximate cause of the hair falling out and the holes appearing in the “ skin or scalp ” portion of the wig.
Parenthetically, modern day beauty concepts defy the imagination. The ingenuity of the beauticians and coiffeurs can produce remarkable as well as esthetic changes that can even produce changed personalities. Alas! Poor Yorick! Perhaps it is true that women are never stronger than when they arm themselves with their weakness. However, it is recalled that in Epicane on the Silent Women, Act 1, Scene 1, it is said: “ Give me a look, give me a face That makes simplicity a grace; Robes loosely flowing, hair as free, Such sweet neglect more taketh me Than all the adulteries of art; They strike mine eyes, but not my heart.”
And so after the flowing hair, alas artificial, it can be said, after the defendant’s impropriety in “teasing the wig”, that ‘1 The meeting points the sacred hair dissever From the fair head, forever and forever! Then flashed the living lightning from her eyes.” (The Rape of the Lock, Canto 111, line 158.)
Of course, a judgment in a Small Claims Court would soothe her sighs.
Judgment for the plaintiff in the sum of $175. Five days ’ stay.